Wilde J.
delivered the opinion of the Court. The indictment charges the defendant with larceny in the dwellinghouse of one William Fenno. To this charge the defendant pleads a conviction of the larceny in the Police Court on the complaint of Fenno, and avers that the stealing, taking and carrying away mentioned in the indictment, is the same stealing, taking and carrying away mentioned in the complaint, and no other or different; and that the Police Court had jurisdiction of the offence. The attorney for the commonwealth replies, that the offence charged was a larceny in Fenno’s dwelling-house, which was a high and aggravated crime, and that the Police Court had no jurisdiction of the same. These averments in the replication are traversed in the rejoinder, and to this rejoinder the attorney for the commonwealth demurs specially, assigning several causes, none of which appears to us to be well assigned.
In the first place, it is alleged that the rejoinder is a departure from the plea, because the plea avers that the goods and chattels mentioned in the indictment, and in the record set forth in the plea, are the same ; which is denied in the rejoinder. But on looking into the rejoinder we find no such denial ; it denies that the larceny was committed in the dwelling-house ; and this is not inconsistent with any averment in the plea. On the contrary, we think the plea does virtually, though not expressly, deny that the larceny was committed in the dwellinghouse ; for it avers that the offence was within the jurisdiction of the Police Court; which could not be true if it was attended by the aggravating circumstance charged in the indictment.
Nor is the rejoinder double. It traverses the averments in the replication which go to show that the offence was not within the jurisdiction of the Police Court. These are connected averments asserting a single proposition, namely, that the offence was not within the jurisdiction of the Police Court, because it was an aggravated larceny, being committed in a dwellinghouse. This is traversed' in the rejoinder, and the only fact put in issue was the stealing in the dwelling-house. So that neither the replication nor the rejoinder can be charged with the fault of duplicity. We think, therefore, *142 that the rejoinder is very clearly a sufficient answer to the replication.
The objection to the plea is apparently more weighty. In point of form the plea is certainly defective. It does not directly traverse the charge of larceny in the dwellinghouse. The defendant should have pleaded auterfois convict as to the larceny, and not guilty as to the residue of the charge ; and if the attorney for the Commonwealth had demurred to the plea, assigning the formal defect as a cause for demurrer, the plea must have been adjudged bad. But though the aggravating part of the charge is not expressly traversed, it is impliedly denied by the averment that the offence was within the jurisdiction of the Police Court. The plea, therefore, is not bad in substance, and the formal defect is cured by the subsequent pleadings. If the issue tendered by the rejoinder had been joined by the attorney for the Commonwealth and had been found for the defendant, there could have been no question but that she would have been entitled to a discharge ; and by the demurrer she is put on the same footing. By the replication all formal objections to the plea are waived, and the rejoinder, being good in point of form and substance, is admitted to be true by the demurrer.

Rejoinder adjudged good.